UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

*IN RE:*  Jeff Allen Moss

Melanie Jo Moss                                Case No. 09-32345

## CHAPTER 13 PLAN
Original _____    Amendment No. 2

**1. GENERAL PROVISIONS:**

(a) **YOUR RIGHTS MAY BE AFFECTED.** Read these papers carefully and discuss them with your attorney. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed without further notice or hearing unless a written objection is filed before the deadline stated on the separate Notice you received from the Bankruptcy Court. If you have a secured claim, this plan may modify your lien if you do not object to the plan.

(b) **PROOFS OF CLAIM:** This plan does not allow claims. You must file a proof of claim to receive pre-confirmation adequate protection payments and to receive distribution under a confirmed plan. The filed proof of claim shall control as to the claim amount for pre-petition arrearages, secured and priority tax liabilities, and any payment in full offers unless specifically objected to and determined otherwise by the Court.

(c) **ADEQUATE PROTECTION PAYMENTS:** The Chapter 13 Trustee ("Trustee") shall disburse adequate protection payments to the secured creditor as soon as practicable after receiving plan payments from the debtor. All adequate protection payments shall be subject to the Trustee's percentage fee as set by the United States Trustee. No adequate protection payments will be made by the debtor directly to the creditor.

(d) **EQUAL MONTHLY PAYMENTS:** The Trustee may increase the amount of any "Equal Monthly Amount" offered to appropriately amortize the claim. The trustee shall be permitted to accelerate payments to any class of creditor for efficient administration of the case.

(e) **PAYMENTS FOLLOWING ENTRY OF ORDERS LIFTING STAY:** Upon entry of an order lifting the stay, no distributions shall be made on any secured claim relating to the subject collateral until such time as an amended deficiency claim is filed by such creditor and deemed allowed, or the automatic stay is re-imposed by further order of the Court.

**2. SUBMISSION OF INCOME:** Debtor submits to the supervision and control of the Trustee all or such portion of future earnings or other future income or specified property of the debtor as is necessary for the execution of this plan.

**3. PAYMENT AND LENGTH OF PLAN:** Debtor shall pay $525.00 per month to the Chapter 13 Trustee, starting not later than 30 days after the order for relief, for the first 5 months of the plan and $546.00 per month for the remaining 55 months of the plan, for a total amount of $32,655.00. Additional payments to Trustee: Debtors shall pay each year in the plan all amounts received above $500 (after earned income credit, if any) from combined federal and state income tax refunds to the trustee.

4. **ADMINISTRATIVE CLAIMS (INCLUSIVE OF DEBTOR'S ATTORNEY FEES):**
All administrative claims will be paid in full by the Trustee unless creditor agrees otherwise:

| Creditor | Type of Priority | Scheduled Amount |
|---|---|---|
| Scott E. Racop | Administrative Expense | $2,750.00 |
| <Other> | | |

5. **DOMESTIC SUPPORT OBLIGATIONS:** The following Domestic Support Obligations will be paid in the manner specified:

| Creditor | Type of Claim | Estimated Arrears | Treatment |
|---|---|---|---|
| | | | |
| | | | |

**DEBTOR IS REQUIRED TO PAY ANY PAYMENTS FALLING DUE AFTER THE FILING OF THE CASE PURSUANT TO A DOMESTIC SUPPORT ORDER DIRECTLY TO THE PAYEE IN ORDER FOR THIS PLAN TO BE <u>CONFIRMED</u> AND FOR DEBTOR TO RECEIVE A <u>DISCHARGE</u> FROM THE COURT UPON COMPLETION OF PLAN PAYMENTS HEREIN.**

6. **SECURED CLAIMS RELATING TO RESIDENTIAL REAL ESTATE- CURING DEFAULTS AND/OR MAINTAINING PAYMENTS (INCLUSIVE OF REAL ESTATE TAXES AND HOMEOWNER'S ASSOCIATION ARREARS):**

| Creditor | Description of Collateral | Estimated Arrears | Interest Rate (If Any) |
|---|---|---|---|
| Logansport Savings Bank | Home | $0.00 | 0% on arrears |
| Logansport Savings Bank | Rental House | $0.00 | 0% on arrears |

**Debtors shall serve as the disbursing agents for the post-petition mortgage payments to Logansport Savings Bank since there are no arrears to said bank at the time of filing.**

7. **SECURED CLAIMS OTHER THAN CLAIMS RELATING TO RESIDENTIAL REAL ESTATE:**
After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the equal monthly amount in column (f) based upon the amount of the claim (Para. 7(a), column (d)) or value offer (Para. 7(b), column (d)) with interest at the rate stated in column (e).

(a) **Secured Claims To Which 11 U.S.C. 506 Valuation Is Not Applicable:**

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Estimated Claim Amount | (e) Interest Rate | (f) Equal Monthly Amount | (g) Adequate Protection Amount (1% of allowed secured claim) |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

Additional plan offer, if any, as relates to above claim(s): _____

**(b) Secured Claims to Which 11 U.S.C. 506 Valuation is Applicable:**

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Value | (e) Interest Rate | (f) Equal Monthly Amount | (g) Adequate Protection Amount (1% of allowed secured claim) |
|---|---|---|---|---|---|---|
| Security Federal Savings Bank | Rental House | N/A | 10,000.00 (see below) | 6% | Amortized over 60 months | 100.00 |
|  |  |  |  |  |  |  |

Additional plan offer, if any, as relates to above claim(s): $10,000 represents secured portion of claim (value of $35,000.00, less first mortgage lien of $23,200.00, less estimated $1800.00 cost of sale of the real estate). Remaining portion of claim to be treated as unsecured.

(c) **Curing Defaults and/or Maintaining Payments:** Trustee shall pay allowed claim for arrearage, and debtor shall pay regular post-petition contract payments directly to the creditor:

| Creditor | Collateral/Type of Debt | Estimated Arrears | Interest Rate (if any) |
|---|---|---|---|
|  |  | 0.00 |  |

(d)   **Surrendered/Abandoned Collateral:** The debtor intends to surrender, and, upon confirmation, the Chapter 13 estate abandons any interest in the following collateral:

| Creditor | Collateral Surrendered/Abandoned | Scheduled Value of Property |
|---|---|---|
| Security Federal Savings Bank | Business Bldg at 922 Helm St. | 75,000.00 |
| Retail Service | 2007 Yamaha Dirt Bike | 750.00 |

**8. SECURED TAX CLAIMS AND 11 U.S.C. 507 PRIORITY CLAIMS:** All allowed priority claims shall be paid in full by the Trustee, exclusive of interest, unless the creditor agrees otherwise. All allowed secured tax obligations shall be paid in full by the Trustee, inclusive of statutory interest thereon (whether or not an interest factor is expressly offered by plan terms):

| Creditor | Type of Priority or Secured Claim | Scheduled Debt | Treatment |  |
|---|---|---|---|---|
| Federal Unemployment Tax Agency | Federal Unemployment Tax 2008 | 56.00 | Priority claim to be paid by Trustee |  |
| Indiana Department of Revenue | Sales Tax 2008-2009 | 2,703.85 | Priority claim to be paid by Trustee |  |
| Indiana Department of Revenue | State Withholding Tax 2008 | 112.70 | Priority claim to be paid by Trustee |  |
| Indiana Department of Workforce Development | Unemployment Tax 2006-2009 | 4,877.23 | Priority claim to be Paid by Trustee |  |
| Internal Revenue Service | Withholding Tax 2006-2008 | 4,944.17 | Priority claim to be paid by Trustee |  |

**9. NON-PRIORITY UNSECURED CLAIMS:**

(a) **Separately Classified or Long-term Debts:**

| Creditor | Basis for Classification | Treatment | Amount | Interest (if any) |
|---|---|---|---|---|
|  |  |  |  |  |

(b) **General Unsecured Claims:**
  __X__ Pro rata distribution from any remaining funds; or
  ___ Other: _____.

**10. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** All executory contracts and unexpired leases are **REJECTED**, except the following, which are assumed:

| Creditor | Property Description | Treatment |
|---|---|---|
| Ashley and Carl Bapp tenants | Rental Lease for rental house | $475.00 per month to be continued |

**11. AVOIDANCE OF LIENS:** Debtor will file a separate motion or adversary proceeding to avoid the following non-purchase money security interests, judicial liens, wholly unsecured mortgages or other liens that impair exemptions:

| Creditor | Collateral/Property Description | Amount of Lien to be Avoided |
|---|---|---|
| Security Federal Savings Bank | Rental House | $136,300.00 loan and unsecured portion of $27,200.00 loan |

**12. LIEN RETENTION:** The rights of Logansport Savings Bank, FSB pursuant to its notes and mortgages on the Home and Rental House as described at Paragraph 6 above shall not be affected by this Plan. With respect to all other allowed secured claims provided for by the Plan, the holder of such claim shall retain its liens securing such claim until the earlier of a) the payment of the underlying debt determined under non-bankruptcy law or b) a discharge order being entered under 11 U.S.C. 1328.

**13. VESTING OF PROPERTY OF THE ESTATE:** Except as necessary to fund the plan or as expressly retained by the plan or confirmation order, the property of the estate shall revest in the debtor upon confirmation of the debtor's plan, subject to the rights of the Trustee, if any, to assert claim to any additional property of the estate acquired by the debtor post-petition pursuant to operation of 11 U.S.C. 1306.

**14. DUTY OF MORTGAGE HOLDER TO FILE AND SERVE NOTICE OF PAYMENT OR SERVICER CHANGE AND ANNUAL NOTICE:** All mortgage holders shall file with the Bankruptcy Court a Notice indicating any change in the mortgage payment. This Notice shall contain the old mortgage payment amount, the new mortgage payment amount and an explanation of the reason for the change. If the change is a result of an escrow analysis, the Notice shall include the escrow calculation showing the taxes and insurance paid for the prior year. Should there be a change in the mortgage servicer while the bankruptcy is pending, the mortgage holder shall file with the Bankruptcy Court a Notice setting forth the change and providing the name of the servicer, the payment address and a contact phone number. In addition, the mortgage holder shall perform an escrow analysis annually and annually file a Notice setting forth the amount of the mortgage payment regardless of whether or not a change has occurred in the prior year. All Notices shall be filed with the Bankruptcy Court and served upon the debtor, debtor's counsel and the Chapter 13 Trustee.

**15. PAYMENT NOTICES (OTHER THAN THOSE RELATING TO MORTGAGES):** Non-mortgage creditors in Section 7(c) (whose rights are not being modified) or in Section 10 (whose executory contracts/unexpired leases are being accepted) may continue to mail customary notices or coupons to the debtor or the Trustee notwithstanding the automatic stay.

**16. MISCELLANEOUS PROVISIONS:**

Date: __Oct 14__, 2009.

_____
Jeff Allen Moss, Debtor

_____
Melanie Jo Moss, Debtor

_____
Scott E. Racop, Debtor's Attorney